# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3738

_____

| | |
|---|---|
| Antoine Owens, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the Eastern |
| | * District of Missouri. |
| Michael Bowersox, | * |
| | * |
| Appellee. | * |

_____

Submitted: April 18, 2002

Filed: May 23, 2002

_____

Before HANSEN, Chief Judge, MCMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Antoine Owens was convicted of two counts of first-degree murder in state court and sentenced to two consecutive terms of life imprisonment without eligibility for parole. After exhausting his state remedies, he filed a petition under 28 U.S.C.

§ 2254 in federal district court. The district court[1] denied the petition, and Mr. Owens appealed.

We granted Mr. Owens a certificate of appealability on the issue of whether his confession was obtained in violation of his sixth amendment right to counsel. He contends on appeal that his right to counsel was violated because an inculpatory statement was taken from him during a police-initiated interrogation without his attorney present. We affirm.

## I.

Mr. Owens does not challenge the state court's factual findings, which we presume to be true absent clear and convincing evidence to the contrary, *see* 28 U.S.C. § 2254(e)(1); *Weaver v. Bowersox*, 241 F.3d 1024, 1030-31 (8th Cir. 2001). According to the state appellate court, the day after Mr. Owens was arrested, counsel was appointed for him and he was arraigned. *State v. Owens*, 827 S.W.2d 226, 228 (Mo. Ct. App. 1992).

The state court described the facts that led up to the subsequent communication between Mr. Owens and the police as follows. After Mr. Owens was arraigned, Detective Aarnarian Snow went to pick up Mr. Owens's mother and bring her to the station. *See id.* The court credited the testimony of Detective Snow, who testified that during the drive to the station, the petitioner's mother told him that " 'she had talked to [Mr. Owens] on the phone and had persuaded him to tell the truth and that [a relative] had nothing to do with the murders.' " *Id.* She also told the detective that her son " 'agreed he would talk to the police and tell the truth' " and that he had " 'indicated that he was willing to talk to the police.' " *Id.*

---

[1]The Honorable Carol E. Jackson, United States District Judge, adopting the report and recommendations of The Honorable Thomas C. Mummert, III, United States Magistrate Judge for the Eastern District of Missouri. *See* 28 U.S.C. § 636(b)(1)(B).

The state court also found that after Detective Snow and Mr. Owens's mother arrived at the station, he left her with two police officers and went to the jail to talk to Mr. Owens. "At the jail, [Detective] Snow told [Mr. Owens] that he 'had received information from [his mother] that he wanted to make a statement ... that he wanted to talk,' " and Mr. Owens confirmed that information. *Id.* at 228-29, 231. Detective Snow then informed Mr. Owens of his *Miranda* rights, *see id.* at 229, and Mr. Owens made an inculpatory statement that was admitted at trial. The state court also noted that at the suppression hearing a police investigator testified that Mr. Owens's mother told him that her son had telephoned her and had said that "he wanted to talk to the police and tell the truth." *Id.*

II.

In *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981), the Supreme Court held, based on the fifth amendment, that an accused who has invoked his or her right to counsel, is not subject to further interrogation until counsel has been provided, unless the accused "initiates further communication ... with the police." In *Michigan v. Jackson*, 475 U.S. 625, 629 (1986), the Court, interpreting the sixth amendment, held that the same prophylactic rule is applicable to a formally-charged defendant "who has requested appointment of counsel at his [or her] arraignment." According to the Court,"if police initiate interrogation after a defendant's assertion, at an arraignment or similar proceeding, of his [or her] right to counsel, any waiver of the defendant's right to counsel for that police-initiated interrogation is invalid." *Id.* at 636. A defendant "initiates" an interrogation if he or she " 'evince[s] a willingness and a desire for a generalized discussion about the investigation.' " *Holman v. Kemna*, 212 F.3d 413, 417 (8th Cir. 2000), *cert. denied*, 531 U.S. 1021 (2000) (quoting *Oregon v. Bradshaw*, 462 U.S. 1039, 1045-46 (1983), (plurality opinion, Rehnquist, J.)).

The state does not contest the fact that before Detective Snow arrived at the jail Mr. Owens had invoked his right to counsel, and that Detective Snow, as a state actor,

was presumed to know that the state court had appointed an attorney for Mr. Owens, *see Jackson*, 475 U.S. at 634. We agree with the parties that the critical issue here is whether Mr. Owens "initiated" the interrogation, which is a legal determination. *See Holman*, 212 F.3d at 417.

Although Mr. Owens did not contact the police himself and ask to talk to them, and he did not ask his mother specifically to have the police come to the jail, the state trial court found that there was contact by Mr. Owens through his mother to Detective Snow, and the state appellate court determined that "the impetus for the interrogation came from defendant through his mother." *Owens*, 827 S.W.2d at 229. The appellate court observed that there "was no suggestion that the police coached her to prompt defendant to talk to them" and found as fact that "[i]t was defendant who said he 'wanted' or was 'willing' to talk to the police." *Id.* The court concluded that Mr. Owens thereby " 'evinced a willingness and a desire for a generalized discussion about the investigation,' " and that he, and not the police, thus had initiated the communication during which Mr. Owens made the statement in issue. *Id.* (quoting *Bradshaw*, 462 U.S. at 1045-46).

In a § 2254 proceeding, we review a state court's decision to determine whether it is "contrary to, or involve[s] an unreasonable application of, clearly established Federal law, as determined by" the Supreme Court. 28 U.S.C. § 2254(d)(1). Mr. Owens does not contend that the state court's decision is opposite that reached by the Supreme Court on a question of law, and we have not located and the parties have not cited any Supreme Court case that addresses the waiver of the sixth amendment right-to-counsel when a defendant expressed a willingness to talk to the police through a third party. Therefore we conclude that the state court's determination was not "contrary to" Supreme Court precedent. *See id.*; *see also See Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Mr. Owens contends that the state court was unreasonable in its application of the relevant Supreme Court precedent. To warrant relief under § 2254(d)(1), the state court's application of Supreme Court precedent must be not only erroneous but also objectively unreasonable. *See Williams*, 529 U.S. at 409-410. Although the state's position undoubtedly would be stronger if Mr. Owens himself had contacted the police, we do not believe that it was unreasonable for the state court to hold that a defendant may "evince" a willingness and desire to discuss the crime by communicating with the police through a third party, especially a close relative. *See Holman,* 212 F.3d at 416, 419-20 (defendant initiated contact with police by asking stepfather to have deputy come to prison to take his confession). Nor do we believe that relief under § 2254 may be granted to Mr. Owens based on his failure to ask his mother specifically to send a police officer to the jail. Presuming, as the state court found, that Mr. Owens told his mother that he wanted or was willing to talk to the police, we conclude that the state court's determination that Mr. Owens was the impetus behind the contact and thereby "initiated" the interrogation was not objectively unreasonable.

### III.

We note that once a defendant invokes his or her right to counsel, the defendant's initiation of police interrogation is necessary but not sufficient to establish a waiver of that right. The ultimate question is whether the circumstances as a whole (including the initiation) indicate that the defendant voluntarily, knowingly, and intelligently waived his or her right to counsel. *See Bradshaw*, 462 U.S. at 1045-46; *Holman*, 212 F.3d at 417. This issue is not before us, however, because Mr. Owens contends on appeal only that the police, and not he, initiated the communication. Furthermore, we observe that the state court found that the waiver of counsel was valid because, *inter alia*, before Detective Snow interrogated Mr. Owens, the detective had Mr. Owens "confirm that he did want to talk" and advised him of his *Miranda* rights. *Owens*, 827 S.W.2d at 231.

IV.

Accordingly, we affirm the judgment of the district court.


A true copy.


      Attest:


      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.