

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1111-08

---

**WESLEY CHARLES JOSEPH, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### BEXAR COUNTY

---

**COCHRAN, J., filed a concurring opinion in which PRICE, JOHNSON and HOLCOMB, JJ., joined.**

### OPINION

I join the opinion of the Court because I agree that the trial could conclude that the State proved, by a preponderance of the evidence, that appellant knowingly, intelligently, and voluntarily waived his *Miranda*[1] rights before making a recorded statement. I write separately to note a rising trend in which Texas law-enforcement officers fail to explicitly ask a suspect if he is willing to give up his *Miranda* rights and speak to them. This question,

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

if answered affirmatively, results in an express waiver. The failure to ask one additional, simple question has dramatically increased trial and appellate litigation and needlessly jeopardizes the admissibility of a suspect's subsequently obtained statement.

Although it is well established that a suspect may validly waive his *Miranda* rights, the State must prove that the required warnings have been given and that the suspect knowingly, intelligently, and voluntarily waived those rights.[2] The State must prove that waiver by a preponderance of the evidence.[3] When police obtain an express waiver–either written or oral–from the suspect, the State's task is not so difficult, but "the prosecution's burden is great" when the waiver is not express.[4]

In *North Carolina v. Butler*, the Supreme Court stated that "a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained."[5]

> Merely asking the accused whether he understood his rights does not satisfy the duties of an interrogating officer or make any statement the accused might then make admissible. *Miranda* requires the interrogating officer to go further and make sure that the accused, knowing his rights, voluntarily relinquishes them.[6]

---

[2] *Id*. at 479; *Moran v. Burbine*, 475 U.S. 412, 421 (1986).

[3] *Colorado v. Connelly*, 479 U.S. 157, 168 (1986).

[4] *North Carolina v. Butler*, 441 U.S. 369, 373 (1979).

[5] *Id.* at 373 (quoting *Miranda*, 384 U.S. at 475).

[6] *United States v. Porter*, 764 F.2d 1, 7 (1st Cir. 1985) (citing *United States v. Christian*, 571 F.2d 64, 68 (1st Cir. 1978)).

However, "an express statement is not invariably necessary to support a finding that the defendant waived either the right to remain silent or the right to counsel."[7]   Under some circumstances, if a suspect has been fully warned of his rights and has indicated that he understands those rights, a course of conduct consistent with waiver "may" support the conclusion that the suspect has waived his *Miranda* rights.[8]   However,

> [t]he courts must presume that a defendant did not waive his rights; the prosecution's burden is great; but at least in some cases waiver can be clearly inferred from the actions and words of the person interrogated.[9]

That is, the deck is stacked against the finding of an implicit waiver, but the State may, at least in some cases, show that a waiver can be clearly inferred from the suspect's words and actions after having been warned.[10]   With an express waiver, the situation is reversed: the

---

[7] *Bui v. DiPaolo*, 170 F.3d 232, 240 (1st Cir. 1999).

[8] *Butler*, 441 U.S. at 373.

[9] *Id.*

[10] *See id.* at 375-76 (explicit waiver not necessary to show defendant waived right to remain silent because defendant volunteered incriminating statements); *Bui v. DiPaolo*, 170 F.3d at 238 (valid waiver properly inferred because defendant responded selectively to questions, asking, "Who said I did this?" after answering "no" to prior question); *United States v. Ramirez*, 79 F.3d 298, 305 (2d Cir. 1996) (valid waiver properly inferred because, after receiving *Miranda* warnings and agreeing to speak with officers, defendant answered some questions and not others); *Flamer v. Delaware*, 68 F.3d 710, 719-20 (3d Cir. 1995) (waiver of *Miranda* valid because defendant never invoked his rights, told police he knew his rights, and answered questions); *Burket v. Angelone,* 208 F.3d 172, 198 (4th Cir. 2002) (valid waiver properly inferred because defendant was given *Miranda* rights a second time, said he understood rights, and initiated conversation with detective); *Soffar v. Cockrell*, 300 F.3d 588, 592 (5th Cir. 2002) (en banc) (valid waiver properly inferred because defendant, understanding the consequences, continued to volunteer information after repeated *Miranda* warnings); *Seymour v. Walker*, 224 F.3d 542, 554 (6th Cir. 2000) (waiver valid because defendant "acknowledged she would talk with" sheriff and told him that she did not want counsel, even though sheriff failed to obtain express written or oral waiver and waiver forms were available); *United States v. Jackson*, 300

deck is stacked in favor of a finding of waiver, but the suspect may, at least in some cases, show that he did not knowingly, intelligently, or voluntarily waive his *Miranda* rights.

While the majority is correct in stating that an explicit waiver is not invariably necessary, I do not read *North Carolina v. Butler* to hold that it is *never* necessary. The fact that a police officer failed to ask the suspect if he was willing to waive his rights and give a statement does not augur well for a later judicial finding that the suspect did knowingly, intelligently, and voluntarily waive his *Miranda* rights. There may be many reasons why an officer failed to ask that question: in some instances, the suspect may be in such a rush to tell his side of the story that he begins to speak before the officer can ask that question; in some instances, however, that failure may be the result of poor training, inexperience, or fear that the suspect–if asked–will decline to waive his rights. These latter reasons might well cast doubt upon the existence of an implied waiver, and they call for close judicial scrutiny.

The determination made by the trial judge in this case–that appellant made an implied waiver of his *Miranda* rights before giving his statement to Detective Walsh– depended upon the "totality of the circumstances," and here those circumstances support a finding (if only

---

F.3d 740, 748 (7th Cir. 2002) (waiver valid despite loss of waiver form); *Owens v. Bowersox*, 290 F.3d 960, 963-64 (8th Cir. 2002) (waiver valid because defendant instructed mother to tell police he wished to speak with them and later confirmed his wish to police); *United States v. Duque*, 62 F.3d 1146, 1148, 1152-53 (9th Cir. 1995) (valid waiver properly inferred because, after defendant received *Miranda* rights and was asked if he was "of a mind" to speak with officers, he made incriminating statements); *United States v. Yazzie*, 188 F.3d 1178, 1192 (10th Cir. 1999) (valid waiver properly inferred because defendant refused to sign waiver, but indicated willingness to tell his side of the story); *Mincey v. Head*, 206 F.3d 1106, 1131-32 (11th Cir. 2000) (valid waiver properly inferred even though defendant refused to sign waiver because he "drew a sharp distinction between what he was willing to say and what he was willing to sign").

just barely) that a valid waiver did occur. This is a very close case, and had the trial judge found that appellant did not knowingly, intelligently, and voluntarily waive his *Miranda* rights before speaking with Detective Walsh, we would have undoubtedly upheld that determination as well. Thus, law-enforcement officers are well advised to expressly ask a suspect to waive his *Miranda* rights so as to avoid later, protracted litigation and the very real possibility that a suspect's statement must be excluded because the totality of the circumstances are insufficient to meet the State's "heavy burden" to show an implied waiver.

    With these comments, I join the majority opinion.


Filed: February 24, 2010

Publish