

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00348-CR

DANIEL GLENN PARKER JR.                                    APPELLANT
A/K/A DANIEL G. PARKER JR.

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Daniel Glenn Parker Jr. appeals his conviction for possession of a controlled substance under one gram.  In his sole issue, Parker argues that the trial court abused its discretion by admitting his custodial statement.  We overrule the issue and affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).

---

[1]*See* Tex. R. App. P. 47.4.

Acting on information from a confidential informant, two investigators with the Hood County Sheriff's Office, Matthew Bales and Ray Miller, stopped Parker after he left a suspected drug house and committed two minor traffic violations. Based on the information gleaned from the confidential informant and because Parker appeared nervous, Bales asked Parker for consent to search his truck. Parker consented to the search of his truck, but no drugs were found. Bales and Miller then called for a drug dog to come sniff the truck. When the drug dog arrived, Bales saw that Parker began "playing with his feet, rubbing his . . . sock," and Bales noticed "a piece of black [electrical] tape stuffed in his shoe." Bales removed the tape from Parker's shoe and found two small baggies of methamphetamine wrapped in a piece of notebook paper. Bales arrested Parker and read Parker the required warnings. *See* Tex. Code Crim. Proc. Ann. art. 15.17(a) (West Supp. 2012); *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Parker then stated that he bought the methamphetamine in Fort Worth, that he usually buys methamphetamine in small packages because he only uses "a gram at a time," and that there was "no more" methamphetamine in his truck. Parker also stated that he needed "rehab" because of his drug problem and that he did not sell methamphetamine to others.

The trial court found Parker guilty of possession of a controlled substance under one gram and sentenced him to eighteen years' confinement. Parker

2

appeals and argues that the trial court erred in admitting the video recording[2] of his post-warning, custodial statements, over his repeated objections, because they were not made in compliance with article 38.22. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (West 2005). Specifically, Parker contends that the recording does not include an identification of all the voices heard and that several portions "were muffled and difficult to understand," rendering the statements inadmissible under article 38.22.[3]

A trial court's ruling on admissibility of evidence is reviewed under an abuse-of-discretion standard. *See Cameron v. State*, 988 S.W.2d 835, 844 (Tex. App.—San Antonio 1999, pet. ref'd), *cert. denied*, 528 U.S. 1166 (2000). *See generally* Tex. R. Evid. 104(a). The code of criminal procedure provides specific rules governing the admissibility of oral statements of an accused. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a); *Swann v. State*, 750 S.W.2d 386, 387 (Tex. App.—Fort Worth 1988, no pet.). Article 38.22 provides that an oral statement of an accused is inadmissible unless: (1) the statement is recorded electronically; (2) during the recording and before the accused's statement, the accused is given the required warnings under article 15.17; (3) the recording

---

[2]Although Parker's statements were recorded on a video tape, Parker, Bales, and Miller were off camera when Parker made his post-arrest statements. However, the voices are audible on the video, which was admitted as State's Exhibit 1.

[3]Parker does not assert in his briefing that his statements were involuntary or coerced, and the State does not argue that the statements were non-custodial.

device is capable of making an accurate record, the operator was competent, and the recording is accurate; (4) all material voices on the recording are identified; and (5) the accused's attorney is provided with an accurate copy of the recording. Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a), (e).

Parker argues that his post-warning statements were inadmissible because all material voices on the recording were not identified. At trial, Parker's counsel objected to the admissibility of the recording "without there being some showing that under the provisions of Article 38.22 that my client was read his rights, that he waived those rights, and—and voluntarily gave any kind of statement to these police officers." Trial counsel made a subsequent objection to Bales's testimony concerning Parker's statement by stating, "I object to any response given by [Bales] was—would require that my client be Mirandized, Your Honor, that he waived those rights. . . . [W]e would object to Officer Bales testifying to hearsay and also taking statements from my client in violation of [article 38.22] of the Code of Criminal Procedure." These objections were overruled.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Clay v. State*, 361 S.W.3d 762, 765 (Tex. App.—Fort Worth 2012, no pet). We should not address the merits of an issue that has not

4

been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g); *Clay*, 361 S.W.3d at 765. Preservation of error is a systemic requirement that this court should review on its own motion. *Wilson*, 311 S.W.3d at 473–74; *Ford v. State*, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009); *Clay*, 361 S.W.3d at 765.

Nowhere did trial counsel make an objection based on the voices on the recording not being identified. Counsel's objection did not alert the trial court to any claim that the recording was inadmissible for failure to identify the voices on the recording. Parker, therefore, did not preserve error and, thus, forfeited this claim. *See* Tex. R. App. P. 33.1(a)(1). Even if we were to address the merits of the issue, Parker would not be entitled to relief. Bales testified that he had watched the video recording of Parker's post-warning statements and that the video fairly and accurately depicted what occurred. Further, Bales was able to identify the voices on the recording and recounted what was said. This is sufficient to meet the admissibility requirement of article 38.22, section 3(a)(4). *See* Tex. R. Evid. 901(a), (b)(5); *Lucas v. State*, 791 S.W.2d 35, 57–58 (Tex. Crim. App. 1989); *Falcetta v. State*, 991 S.W.2d 295, 298–99 (Tex. App.—Texarkana 1999, pet. ref'd).

Parker next contends that his post-warning statements were erroneously admitted over objection because parts of the recording were muffled or inaudible. Although trial counsel mentioned the poor audibility of the recording to the trial court, his specific objection was not based on that defect. Indeed, trial counsel

5

merely stated, "[F]rom my listening of the tape, I didn't get it all, couldn't understand and couldn't comprehend 95 percent of what was on that tape, which the court can do what it wishes about that, but we would object to Officer Bales testifying to hearsay and also taking statements from my client in violation of [article 38.22] of the Code of Criminal Procedure." The trial court was not given an opportunity to address counsel's argument that crucial portions of the recording were inaudible because counsel seemed to waive the arguments by telling the trial court it could "do what it wishes about that." In short, counsel failed to "let the trial judge know what he wants." *Layton v. State*, 280 S.W.3d 235, 239 (Tex. Crim. App. 2009). As with his other complaint, Parker has failed to preserve error, which forfeits any error. *See* Tex. R. App. P. 33.1(a)(1).

But Parker's argument also fails on the merits. We presume that his argument goes to the accuracy of the recording. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(3). As noted above, Bales testified that the recording was an accurate depiction of what occurred. We listened to the recording; the statements Parker complains of were clearly understandable on the recording.[4] *See United States v. Sutherland*, 656 F.2d 1181, 1200 (5th Cir. 1981) ("Recordings must be excluded only if the inaudible or unintelligible portions 'are

---

[4]One can clearly hear on State's Exhibit 1 Parker being informed of his *Miranda* rights. Parker's subsequent course of conduct is consistent with a waiver of these rights. *See Joseph v. State*, 309 S.W.3d 20, 24–26 (Tex. Crim. App. 2010) (stating totality of circumstances may show voluntary waiver of rights).

so substantial as to render the recording as a whole untrustworthy,' and that determination is 'left to the sound discretion of the trial judge.'") (quoting *United States v. Avila*, 443 F.2d 792, 795–96 (5th Cir.), *cert. denied*, 404 U.S. 944 (1971)), *cert. denied*, 455 U.S. 949 (1982). We conclude that the recording complied with article 38.22, section 3(a)(3) and there was no abuse of discretion in this case. *See Falcetta*, 991 S.W.2d at 298–99; *Minger v. State*, No. 11-01-00107-CR, 11-01-00108-CR, 11-01-00109-CR, 11-01-00110-CR, 11-01-00111-CR, 2003 WL 190729, at *4 (Tex. App.—Eastland Jan. 16, 2003, no pet.) (not designated for publication).

We overrule Parker's issue and affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 23, 2013

7