**AFFIRM; Opinion issued March 5, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

—————————————————————
## No. 05-10-00798-CR
—————————————————————

**MANUEL BAUTISTA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

═══════════════════════════════════════════════════════

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-80283-09**

═══════════════════════════════════════════════════════

# MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Murphy
Opinion By Justice Bridges

Appellant Manuel Bautista appeals his conviction for manslaughter and his accompanying sentence of 18 years' imprisonment and a $5,000.00 fine. In a single issue, appellant contends the trial court erred in denying his motion to suppress his oral statement because he never affirmatively or intentionally waived his *Miranda* rights. We affirm.

## Background

Appellant was indicted for capital murder[1] for causing the death of another in the course of a burglary or attempted burglary. Appellant, originally from El Salvador, had owned a restaurant

_____

[1] After pleading not guilty in a jury trial, the jury found appellant guilty of the lesser-included offense of manslaughter.

with the victim, Margarito Llanas. As a result of their failed business venture, appellant claimed Llanas owed him money. On October 30, 2008, appellant came into Llanas's apartment. Appellant brought a gun to the apartment with him. Detective Scott Epperson, one of the crime scene officers, testified Llanas's apartment consisted of three bedrooms with one of the rooms used as an office. There appeared to have been a struggle in the office. A desk was overturned, the window was broken, and the blinds were destroyed. A black cable tie lay on the floor, and a box cutter was under the overturned desk. When the police found Llanas, he was lying on his back on top of broken glass and the blinds from a window. He had been shot in both the head and abdomen. The gunshot wound to his abdomen had stippling around it, indicating an intermediate range shot. The wound to the head contained both stippling and soot, indicating a closer range shot.

Officers stopped appellant and his son at a Walmart. A handgun was found underneath the passenger seat of appellant's vehicle. The DNA found on the grip and trigger of the gun was consistent with both appellant's and Llanas's DNA. At the Walmart, officers bagged appellant's hands for a gunshot residue test, which later showed appellant had a direct or indirect connection to a recently fired weapon. Officers also seized appellant's jacket, which had blood flecks on it, later found to be consistent with Llanas's blood. In appellant's car, the officers found cable ties and their packaging with one cable tie missing. The ties were the same type as the black tie found in the office where Llanas was killed. That cable had both appellant's and Llanas's DNA on it.

Appellant filed an ominbus pre-trial motion that included a request for a hearing to determine the voluntariness and admissibility of "any statements allegedly made by [him], either orally or in writing." During the course of trial, the trial court conducted a hearing on the admissibility of appellant's recorded police interview. Following the hearing, the trial court

found the recorded statement was freely, voluntarily, and knowingly made and denied appellant's motion to suppress.

## Analysis

In a single issue, appellant contends the trial court erred in denying appellant's motion to suppress his oral statement obtained by Plano Police Detective Epperson because appellant never affirmatively or intentionally waived his *Miranda* rights. On direct appeal, we measure the propriety of the trial court's ruling with respect to alleged *Miranda* violations under the totality of the circumstances, almost wholly deferring to the trial court on questions of historical fact and credibility, but reviewing de novo all questions of law and mixed questions of law and fact that do not turn on credibility determinations. *Leza v. State*, 351 S.W.3d 344, 349 (Tex. Crim. App. 2011).

The State has the burden to establish a valid waiver of *Miranda* rights by a preponderance of the evidence. *Joseph v. State*, 309 S.W.3d 20, 24 (Tex. Crim. App. 2010). There are two facets to any inquiry with respect to the adequacy of a purported waiver of *Miranda* rights: (1) the waiver must be "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception" and (2) the waiver must be made "with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." *Ripkowski v. State*, 61 S.W.3d 378, 384 (Tex. Crim. App. 2001). We do not consider a waiver of a *Miranda* right involuntary, though, unless there is some element of police overreaching. *Colorado v. Connelly*, 479 U.S. 157, 169-70 (1986); *Oursbourn v. State*, 259 S.W.3d 159, 170 (Tex. Crim. App. 2008). The waiver need not be express or assume a particular form. *North Carolina v. Butler*, 441 U.S. 369, 373-74 (1979). Where the prosecution can show that a *Miranda* warning was given and understood by the accused, his uncoerced statement

establishes an implied waiver of his *Miranda* rights. *Id.* at 373.

At trial, appellant agreed he speaks English, but when speaking "about important things," prefers Spanish. He indicated that when he was asked if he understood the *Miranda* warnings in Spanish, he responded in the negative. Our review of the video of the oral statement indicates otherwise.

The video of the oral statement given by appellant to Detective Epperson shows two detectives were present during the interview. Detective Epperson conducted the interview of appellant in English, while Detective Miller was present for his Spanish-speaking skills. The video shows Detective Epperson explained appellant's *Miranda* rights in English. When appellant responded he "kinda" understood those rights, Detective Miller read him the *Miranda* warnings in Spanish. Detective Miller asked appellant whether he understood those rights in Spanish, and appellant nodded his head affirmatively. The bulk of the remaining interview was conducted in English by Detective Epperson and demonstrates appellant had a good working knowledge of the English language with appellant responding to questions mostly in English. Both detectives testified at trial that they believed appellant had a good grasp of the English language.

Appellant never asked the detectives to switch to Spanish, even though he knew there was a Spanish-speaking detective in the room. Appellant turned to Detective Miller a few times during the approximate hour-long interview and asked him to translate the occasional word or legal concept. The fact that he did ask for assistance a few times underscores the probability he comprehended the remainder of the interview.

Furthermore, after appellant received his *Miranda* warnings and then nodded that he understood them, Detective Epperson asked appellant if it was okay to ask him questions and told

appellant he could ask questions, too. When Detective Epperson asked appellant if it was okay for him to ask questions, appellant responded, "yeah." During the course of the interview, appellant never asked that counsel be present and never asked to stop the interview.

There is no evidence, and appellant does not argue, the statement was a product of intimidation, coercion, or deception. *See Oursbourn*, 259 S.W.3d at 170*; Ripkowski*, 61 S.W.3d at 384. Under the totality of the circumstances, we conclude appellant waived his *Miranda* rights with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it. *See Ripkowski*, 61 S.W.3d at 384. We overrule appellant's sole issue on appeal and affirm the judgment of the trial court. *See Leza*, 351 S.W.3d at 349.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
100798F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MANUEL BAUTISTA, Appellant

No. 05-10-00798-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the 429th Judicial District Court of Collin County, Texas. (Tr.Ct.No. 429-80283-09).
Opinion delivered by Justice Bridges, Justices O'Neill and Murphy.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered March 5, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE