**Affirmed and Memorandum Opinion filed September 5, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00594-CR

## DUANE ALLEN HALEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Cause No. 1242262D**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Duane Allen Haley[1] of capital murder, and the trial court assessed automatic punishment of life imprisonment without parole. *See* Tex. Code Crim. Proc. Ann. art. 37.071 § 1 (Vernon Supp. 2005). We affirm.

---

[1] Appellant initially appealed to the Second Court of Appeals in Fort Worth. Pursuant to its docket equalization authority, the Texas Supreme Court transferred appellant's appeal to this court. *See* Tex. Gov't Code Ann. § 73.001 (Vernon 2013).

## BACKGROUND

The complainant, Hamidi Swei, came to the United States as a refugee. In December 2010, Swei lived alone in an apartment in Fort Worth and had been working as an electronics repairman for about two years.

The appellant's girlfriend worked for the same company as Swei, and she and the appellant developed a plan to rob Swei at his apartment. The two of them carried out that plan sometime between December 22, 2010 and December 27, 2010. While robbing Swei, the appellant used a box cutter to cut Swei several times; Swei was killed by a cut across his throat. The appellant and his girlfriend took two laptops from Swei's apartment, and the appellant drove away in Swei's Toyota 4Runner. Swei's body was not discovered until January 30, 2011.

After killing Swei, the appellant and his girlfriend fled to Virginia, where they were eventually tracked down by Detective Thomas Wayne Boetcher of the Fort Worth Police Department. Detective Boetcher flew to Virginia and interviewed the appellant while he was in custody at the Northern Neck Regional Jail. The appellant was promptly given the warnings mandated by *Miranda v. Arizona*, 384 U.S. 436 (1966); during the interview, he eventually confessed to killing Swei.

The appellant was indicted for capital murder, and he moved to suppress the statement he had given while in custody in Virginia. The trial court denied that motion, and the case proceeded to a jury trial. A recording of the appellant's confession was played for the jury, and the assertions made by the appellant were corroborated by other evidence presented by the State. The jury found the appellant guilty of capital murder, and the trial court assessed the mandatory sentence of life imprisonment without parole.

The appellant raises seven issues on appeal: (1) the evidence is insufficient to support his conviction; (2) the trial court erred in denying his motion to suppress the statement given while he was in custody in Virginia because he did not voluntarily waive his *Miranda* rights; (3) the trial court erred in overruling his Rule 403 objection to State's exhibit 76, a set of fingerprints taken from the appellant on the day of his trial, because the exhibit was "more prejudicial than probative;" (4) the trial court erred in overruling his Rule 403 objection to State's exhibit 77, a set of the appellant's fingerprints provided by the Texas Department of Public Safety, because the exhibit was "more prejudicial than probative;" (5) the trial court erred in overruling his Rule 403 objections to State's exhibits 58, 59, 60, and 61, fingerprints taken from the appellant's left ring finger, right index finger, right little finger, and right middle finger, respectively, because those exhibits did "more than inflame the jury in sympathy for the State;" (6) the trial court abused its discretion in overruling his Rule 403 objection to State's exhibit 79, a knife found on the patio outside Swei's apartment; and (7) the trial court abused its discretion in overruling his Rule 403 objection to State's exhibit 80, a box cutter found on the patio outside Swei's apartment.

## ANALYSIS

### A. Sufficiency of the Evidence

In his first issue, the appellant argues that the evidence was insufficient to support his conviction for capital murder.

When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational fact finder could have found the elements of the crime beyond a reasonable doubt. *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (citing *Jackson v. Virginia*, 443 U.S. 307,

318-19 (1979)); *see also Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Our analysis is unaffected by the appellant's claim that the trial court erred in admitting certain evidence; we consider all of the evidence admitted — whether proper or improper. *See Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). The jury is the exclusive judge of the credibility of the witnesses and the weight of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). Thus, we defer to the jury's responsibility to fairly resolve conflicts in the evidence, and we draw all reasonable inferences from the evidence in favor of the verdict. *Id.*

To obtain a conviction for capital murder, the State must prove beyond a reasonable doubt that the accused intentionally caused the death of an individual in the course of committing robbery or another listed crime. Tex. Penal Code Ann. § 19.03(a)(2) (Vernon Supp. 2012). A person commits robbery if, in the course of committing theft with intent to obtain or maintain control of the property, he (1) intentionally, knowingly, or recklessly causes bodily injury to another or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code Ann. § 29.02(a) (Vernon 2011). A person commits theft if he appropriates property with intent to deprive the owner of property without the owner's effective consent. Tex. Penal Code Ann. § 31.03(a)-(b) (Vernon Supp. 2012).

The appellant contends that the evidence is insufficient to support his conviction, but he offers no support for that assertion. His entire argument consists of a single paragraph:

> The State of Texas did not meet its burden of proof, proof beyond a reasonable doubt, in that it failed to prove that Appellant committed the offense as is set out in the indictment. Federal Courts indicate that a reasonable doubt is a doubt based on reason and common sense after

4

a careful and impartial consideration of all evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. The evidence is insufficient to convict Appellant of Capital Murder. The Appellant's conviction should be reversed.

The appellant makes no reference to the record on review, and he cites no case law in support of his assertions.

An appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and the record." Tex. R. App. P. 38.1(i). We conclude that the appellant has waived his challenge to the sufficiency of the evidence because he has failed to adequately brief the issue. *See McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997) ("Failure to specifically argue how the evidence is factually insufficient under the proper standard of review, or to otherwise adequately brief one's factual sufficiency argument under the rules of appellate procedure, waives the issue and presents nothing for review.").

Regardless, having reviewed the record in the case, we conclude that the evidence is sufficient to sustain the appellant's conviction. Swei was stabbed several times, and a deputy medical examiner testified that the wound on Swei's neck was "undoubtedly the fatal injury." The State's fingerprint expert testified that four fingerprints found on a doorknob at Swei's apartment matched the appellant's. The jury also heard an audio recording of a statement the appellant gave to police in which he admitted (1) going to Swei's apartment in order to rob him; (2) cutting Swei in "his arm, his throat, I don't know" with a box cutter; and (3) taking two laptops from Swei's apartment. On these facts alone, a rational jury

could find that the appellant intentionally caused Swei's death in the course of taking the laptops without Swei's consent. *See* Tex. Penal Code Ann. §§ 19.03(a)(2), 29.02(a), 31.03(a)-(b). Accordingly, we defer to that determination. *See Isassi*, 330 S.W.3d at 638; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) ("When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination.").

We overrule the appellant's first issue.

## B.    Motion to Suppress

In his second issue, the appellant argues that the trial court erred in denying his motion to suppress the audio recording of his interrogation by Detective Boetcher in Warsaw, Virginia because it was taken "in violation of Tex. Code Crim. P. art. 38.22." The appellant concedes that Detective Boetcher warned him regarding his right to remain silent but argues that he "would not have given a statement if he understood that he could terminate the interview." The crux of this argument appears to be the appellant's statement early in the interrogation that "Oh, I'll talk to you 'til I feel I don't wanna talk to you any more; I'm not gonna waive any right."

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Morales v. State*, 371 S.W.3d 576, 590 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd). The trial court is the sole finder of fact and judge of the credibility of witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007). We give almost total deference to the trial court's determination of historical facts, but we review *de novo* the court's application of the law to the facts. *Id.* at 25; *see also Amador v. State*, 221 S.W.3d 666, 673 (Tex.

6

Crim. App. 2007). We view the evidence presented on a motion to suppress in the light most favorable to the trial court's ruling. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

The State has the burden of showing that a defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights. *Joseph v. State*, 309 S.W.3d 20, 24 (Tex. Crim. App. 2010). The State must prove waiver by a preponderance of the evidence. *Id.* (citing *Colorado v. Connelly*, 479 U.S. 157, 168 (1986)). "[A] valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained." *Joseph*, 309 S.W.3d at 24 (quoting *Miranda*, 384 U.S. at 444). But a waiver need not assume a particular form and, in some cases, a "waiver can be clearly inferred from the actions and words of the person interrogated." *Joseph*, 309 S.W.3d at 24 (quoting *N. Carolina v. Butler*, 441 U.S. 369, 373 (1979)). As a general rule, neither a written nor an oral express waiver is required. *Joseph*, 309 S.W.3d at 24. Therefore, the question before us is not whether the appellant explicitly waived his *Miranda* rights, but whether he did so knowingly, intelligently, and voluntarily. *See* Tex. Code Crim. Proc. Ann. art. 38.22 § 3(a)(2) (Vernon 2005); *Joseph*, 309 S.W.3d at 24. To make this determination, we look at the totality of the circumstances surrounding the interrogation. *See Joseph*, 309 S.W.3d at 24 (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)).

At the beginning of the appellant's interrogation, the appellant clearly stated "I'm not gonna waive any right." Immediately afterward, the following exchange took place:

> Q: (by Detective Boetcher) Ok, well you have to say that you'll — knowing that these are your rights, are you knowingly, intelligently, and voluntarily agreeing to talk to us? And you can stop any time you

7

want. That's up to you.

A: Correct.

Q: Is that correct?

A: Right.

Q: So you're willing to talk to us, but the time you don't wanna talk, you'll stop?

A: Right.

Q: OK, that's fine.

At that point, Detective Boetcher began the interrogation.

The appellant does not allege that he attempted to end the interrogation, or that his participation was the result of intimidation, coercion, or deception. He participated in the interrogation for two hours after he was informed of his right to remain silent. We conclude that the totality of the circumstances shows that the appellant knowingly, intelligently, and voluntarily waived his rights under article 38.22 and *Miranda*. *See Joseph*, 309 S.W.3d at 27.

We overrule the appellant's second issue.

## C.    Rule 403 Objections

In his third, fourth, fifth, sixth, and seventh issues, the appellant argues that the trial court erred in admitting certain exhibits into evidence in violation of Texas Rule of Evidence 403.

Rule 403 provides that relevant evidence may be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless

presentation of cumulative evidence." Beyond his assertions that each of the exhibits at issue violated Rule 403, the appellant does not explain why he believes the exhibits should have been excluded. This constitutes inadequate briefing. *See Williams v. State*, 937 S.W.2d 479, 487 (Tex. Crim. App. 1996); *Ruiz v. State*, 293 S.W.3d 685, 691 (Tex. App.—San Antonio 2009, pet. ref'd).

We overrule the appellant's third, fourth, fifth, sixth, and seventh issues.

## CONCLUSION

Having overruled all of the appellant's issues, we affirm the judgment of the trial court.


/s/     William J. Boyce
        Justice


Panel consists of Justices Boyce, Jamison, and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).