**Opinion issued September 16, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-13-00461-CR**

————————————

**ISAIAS SANTOS, III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 06-DCR-45164A**

---

**MEMORANDUM OPINION**

A jury convicted appellant Isaias Santos, III of capital murder, and the trial court sentenced him to life in prison. *See* TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011); *id.* § 19.03(a)(7)(A) (West Supp. 2014). On appeal, Santos challenges the trial court's denial of his motion to suppress, arguing that his

statement was obtained by threat. Because we conclude that the evidence supported the trial court's fact findings to the effect that no threat occurred, we affirm.[1]

## Background

Isaias Santos was arrested for the murders of Michael Montalvo and Vivian Moreno. Fort Bend County Sheriff's Detective M. Kubricht and Lieutenant E. Muniz interviewed him. The interview was recorded, and in it Santos stated that he could read and write English, had completed the eighth grade, and had obtained his G.E.D. Before asking Santos any questions about the crime, Detective Kubricht provided him with a soft drink and informed him of his *Miranda* rights, including the right to an attorney and the right to remain silent.[2] Santos stated that he understood his rights and wanted to waive them. He then signed a statement acknowledging that he was informed of his rights. Santos confessed that he participated in the murder by stabbing Moreno before his accomplice shot both victims in the head.

Santos moved to suppress the incriminating recorded statement on the grounds that it was obtained in violation of the United States and Texas constitutions and the Texas Code of Criminal Procedure. At the suppression

---

[1] Because the issues involved in this case are settled, our brief memorandum opinion is no longer than necessary to advise the parties of the court's decision and our basic reasons for it. TEX. R. APP. P. 47.4.

[2] *See Miranda v. Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 1630 (1966).

hearing, both Kubricht and Muniz testified that Santos was properly warned of his rights, voluntarily waived them, and gave a statement. Both testified that Santos was not threatened. Santos testified that before the recorded interview began, Muniz made a statement alluding to the "Mexican Mafia" and told him that if he did not cooperate, the officer would be unable to help him in prison. He also testified that he believed the alleged statement to be a threat that if he did not cooperate, a member of the "Mexican Mafia" would kill him, perhaps at Muniz's direction. Santos testified:

Q.    The officer said he's going to kill you?

A.    The officer said that like he was going to put the people on me to get me.

. . . .

Q.    That's what he said?

A.    Well, that's what I understood. . . . That's what he said. When I get to prison, that he wasn't going to be able to help me.

. . . .

Q.    Okay. Not "I'm going to have somebody kill you," right?

A.    No.

Q.    Okay. Detective Kubricht never threatened to kill you either, right?

A.    No.

The court denied the motion to suppress and entered findings of fact in which it

found, among other things, that Kubricht and Muniz were credible and that there was no credible evidence that Santos had been threatened or coerced.

**Analysis**

In his sole appellate issue, Santos challenges the trial court's denial of the motion to suppress his recorded statement.[3] We review a trial court's ruling on a motion to suppress using a bifurcated standard of review. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We view the evidence in the light most favorable to the ruling and afford almost total deference to the court's determination of historical facts and mixed questions of law and fact that depend upon an evaluation of the witnesses' credibility and demeanor. *Gonzales v. State*, 369 S.W.3d 851, 854 (Tex. Crim. App. 2012); *see Ex parte Moore*, 395 S.W.3d 152, 158 (Tex. Crim. App. 2013) (trial court is the sole judge of credibility of witnesses). We review explicit fact findings to determine if they are supported by the evidence. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013). Pure questions of law and mixed questions of law and fact that do not depend on the evaluation of the witnesses' credibility and demeanor are reviewed de novo. *See id.*

---

[3]     Santos also argued that the findings of fact were insufficiently specific under the Code of Criminal Procedure. In light of that argument, this court granted a motion to remand the case to the trial court for entry of findings of fact. Santos then amended his brief, indicating that "the Trial Court has supplemented the record by filing Findings of Fact and Conclusions of Law consistent with the requirements of the Code." No new argument was presented to challenge the specificity of the supplemented findings, and we thus understand Santos to have abandoned that appellate issue.

4

Santos contends that the trial court should have granted his motion to suppress because his statement was not voluntary: he claims it was coerced by Muniz's implied threat that he would be harmed or killed in prison if he did not cooperate with the interview.

"A defendant's statement may be used in evidence against him if the defendant made it freely and voluntarily, without compulsion or persuasion." *Juarez v. State*, 409 S.W.3d 156, 165 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (citing TEX. CODE CRIM. PROC. art. 38.21). For the statement to be admissible, he must knowingly, intelligently, and voluntarily waive his rights to remain silent, to have an attorney present, to have an attorney appointed if indigent, and to terminate a police interview. TEX. CODE CRIM. PROC. art. 38.22, § 3(a)(2); *Joseph v. State*, 309 S.W.3d 20, 23–24 (Tex. Crim. App. 2010); *Juarez*, 409 S.W.3d at 165. We evaluate whether there has been a valid waiver under the totality of the circumstances surrounding its acquisition, including the defendant's experience, background, and conduct. *See Joseph*, 309 S.W.3d at 25 (quoting *Moran v. Burbine*, 475 U.S. 412, 421, 106 S. Ct. 1135, 1140–41 (1986)). A waiver is voluntary if it is the product of a free and deliberative choice, rather than intimidation, coercion, or deception. *See Joseph*, 309 S.W.3d at 25; *Juarez*, 409 S.W.3d at 165.

Santos testified that prior to the interview, Muniz told him that if he did not

5

cooperate with the interview he would not be able to help him in prison. Santos testified that Muniz had mentioned the "Mexican Mafia," and he said that he believed that if he did not give a statement, Muniz would direct the "Mexican Mafia" to kill him. But Santos denied that either officer made an express verbal threat or physically assaulted him. In addition, during the interview, Santos told the officers that his accomplice and others connected to the murders were members of the "Mexican Mafia"; but at the hearing, Santos denied knowing of any such affiliation until the officers mentioned it to him.

Detective Kubricht and Lieutenant Muniz also testified at the hearing on the motion to suppress. Both testified that Kubricht read the *Miranda* warnings and that Santos waived his rights and voluntarily gave a recorded statement. Both testified that neither of them threatened Santos or his family before or during the interview.  Kubricht did not exhibit physical force or deprive Santos of rest, food, or drink. Santos did not request food, drink, or a break during the interview, but if he had made such a request it would have been granted. Santos also did not ask to speak to an attorney, to terminate the interview, or in any way invoke his rights. Santos did not tell Kubricht that he felt threatened. Kubricht did not recall any conversation with Santos before they went into the interview room. In addition, although Muniz had spent more than half of his law-enforcement career investigating organized crime, including organized crime in Mexico and its ties to

6

local prison gangs, he testified that he is not a member of the "Mexican Mafia" and that he did not and would not order a hit on Santos.

The only evidence supporting Santos's argument that he was coerced into making a statement was his own testimony, which directly contradicted that of the two law-enforcement officers. The trial court's finding that the officers were credible, but Santos was not, supports its finding that the statement was not a product of threats or coercion. *See Ex parte Moore*, 395 S.W.3d at 158. In addition, the record shows only that Santos had a subjective belief that Muniz had threatened him: he conceded that Muniz did not expressly threaten to kill or harm him or anyone else. In addition, the recording itself shows that Santos received a proper admonishment of his legal rights and that he explicitly waived his rights and agreed to talk.

The totality of the circumstances in this case supports the trial court's determination that Santos's waiver was voluntary. *See Joseph*, 309 S.W.3d at 25; *Juarez*, 409 S.W.3d at 165. Accordingly, the trial court did not err by denying the motion to suppress. We overrule Santos's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Massengale, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).