# NO. 12-17-00141-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUAN MENDEZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Juan Mendez appeals his conviction for possession of a prohibited item in a state correctional facility. In one issue, Appellant argues that the trial court abused its discretion in denying his motion to suppress his oral statement. We affirm.

### BACKGROUND

Appellant is a forty-four year old inmate, who is incarcerated at the Allen B. Polunsky Unit of the Texas Department of Criminal Justice (TDCJ). He has been incarcerated in TDCJ since he was thirty years old. He previously was incarcerated in TDCJ at age twenty-two.

On July 17, 2015, guards discovered a cellular telephone and a cellular telephone charger in Appellant's cell. Twelve days later, Benjamin Gardner, an investigator with the Office of the Inspector General for TDCJ, met with Appellant. Gardner recorded their conversation. Gardner first read Appellant his rights,[1] and Appellant acknowledged receiving and understanding these warnings. Thereafter, Appellant confessed to having the cellular telephone and the charger in his cell.

---

[1] *See **Miranda v. Arizona** 384 U.S. 436, 479, 86 S. Ct. 1602, 1630, 16 L. Ed. 2d 694 (1966); *see also* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West Supp. 2017).

Appellant was charged by indictment with possession of a prohibited item in a state correctional facility.[2]  Prior to trial, Appellant filed a motion to suppress the recorded statement he made to Gardner.  In support of his motion, Appellant argued that the warnings were read to him too quickly in light of the fact that he had only an eighth grade education, had been a special education student, and has an IQ of 80.  Appellant was the sole testifying witness during the hearing on his motion.  The only evidence he presented to the court in support of his contention that he did not knowingly and intelligently waive his right against self-incrimination was that he did not understand the meaning of the word "evidence."

The trial court denied Appellant's motion to suppress.  Thereafter, Appellant pleaded "guilty" as charged, and the trial court sentenced him to imprisonment for four years.  This appeal followed.

## MOTION TO SUPPRESS

In his sole issue, Appellant contends that the trial court abused its discretion by denying his motion to suppress because he did not knowingly and intelligently waive his right against self-incrimination.

### Standard of Review

In reviewing claims concerning the admission of statements made as the result of custodial interrogation, we conduct the bifurcated review articulated in *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  *See Pecina v. State*, 361 S.W.3d 68, 78–79 (Tex. Crim. App. 2012).  We measure the propriety of the trial court's ruling with respect to alleged violations under the totality of the circumstances, almost wholly deferring to the trial court on questions of historical fact and credibility, but reviewing de novo all questions of law and mixed questions of law and fact that do not turn on credibility determinations.  *See Leza v. State*, 351 S.W.3d 344, 349 (Tex. Crim. App. 2011).  We afford almost total deference to the trial court's determination of historical facts and mixed questions of law and fact that turn on the evaluation of credibility and demeanor.  *Guzman*, 955 S.W.2d at 89.  Questions of law and mixed questions of law and fact not turning on credibility are reviewed de novo.  *Id.*  When the trial court does not make express findings of fact, we must view the evidence in the light most favorable to the

---

[2] *See* TEX. PENAL CODE ANN. § 38.11(j) (West Supp. 2017).

2

trial court's rulings, assuming that it made implicit findings of fact that are supported by the record. *See Arguellez v. State*, 409 S.W.3d 657, 662–63 (Tex. Crim. App. 2013). We will sustain the trial court's decision if it is correct on any applicable theory of law. *Id.*

**Governing Law**

Among other safeguards, the United States Supreme Court requires that a criminal suspect be given the following warnings before any custodial interrogation is conducted:

> He must be warned prior to any questioning that he has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires. Opportunity to exercise the rights must be afforded to him throughout the interrogation. After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement. But unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him.

*Miranda*, 384 U.S. at 479, 86 S.Ct. at 1630.

Similarly, under Texas Code of Criminal Procedure, Article 38.21, "[a] statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion[.]" TEX. CODE CRIM. PROC. ANN. art. 38.21 (West 2005); *Oursbourn v. State*, 259 S.W.3d 159, 169 (Tex. Crim. App. 2008). A defendant may claim that his statement was not freely and voluntarily made and, thus, may not be used as evidence against him because, among other theories, the statement was obtained in violation of the Texas Confession Statute. *See Oursbourn*, 259 S.W.3d at 169; *see also* TEX. CODE. CRIM. PROC. ANN. art. 38.22 §§ 2, 3.

Pursuant to Article 38.22, section 3, no oral statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless (1) an electronic recording is made of the statement; (2) prior to making the statement, but during the recording, the accused is given warnings from the person to whom the statement is made that (a) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial, (b) any statement he makes may be used as evidence against him in court, (c) he has the right to have a lawyer present to advise him prior to and during any questioning, (d) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning, and (e) he has the right to terminate

the interview at any time; and (3) the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 2(a), 3(a).

The question is not whether Appellant explicitly waived his right against self-incrimination, but whether he did so, knowingly, intelligently, and voluntarily. *See Joseph v. State*, 309 S.W.3d 20, 25 (Tex. Crim. App. 2010). This inquiry has two distinct dimensions. *Moran v. Burbine*, 475 U.S. 423, 421, 106 S. Ct. 1135, 1141, 89 L. Ed. 2d 410 (1986). First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. *Id.* Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it. *Id.* Only if the "totality of the circumstances surrounding the interrogation" reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived. *Id.* The question of waiver must be determined on the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused. *N. Carolina v. Butler*, 441 U.S. 369, 374–75, 99 S. Ct. 1755, 1758, 60 L. Ed. 2d 286 (1979). The State has the burden of showing that a defendant knowingly, intelligently, and voluntarily waived his rights against self-incrimination. *See Joseph*, 309 S.W.3d at 24. Whenever the State bears the burden of proof in a motion to suppress a statement that the defendant claims was obtained in violation of our *Miranda* doctrine, the State need prove waiver only by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168, 107 S. Ct. 515, 522, 93 L. Ed. 2d 473, (1986).

**Discussion**

In the instant case, there is no dispute that Appellant waived his rights under *Miranda* and Article 38.22 both verbally and in writing. However, he contends that he did not know what he was doing when he waived these rights before confessing his guilt to Gardner. Specifically, he argues that the warnings were read to him too quickly in light of the fact that he had only an eighth grade education, had been a special education student, and has an IQ of 80.

The evidence at the hearing on Appellant's motion to suppress demonstrated that Appellant is forty-four years old and first was incarcerated in TDCJ when he was twenty-two years old. The evidence further showed that he had been incarcerated in TDCJ on two separate occasions and, currently, has been incarcerated for the past fourteen years. The only relevant

evidence Appellant offered in support of his lack of understanding of the warnings given was that he did not understand the meaning of the word "evidence." But given the evidence of Appellant's extensive background and experience in the criminal justice system, his contention strains credulity.

We emphasize the trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony and can believe or disbelieve any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). And our standard of review requires nearly total deference to factual determinations that depend on credibility, such as the truth of Appellant's testimony. *See Juarez v. State*, 409 S.W.3d 156, 166 (Tex. App.– Houston [1st Dist.] 2013, pet. ref'd.). Therefore, based on our review of the totality of the circumstances, we conclude that the State met its burden in demonstrating that Appellant knowingly, intelligently, and voluntarily waived his rights against self-incrimination. *See Joseph*, 309 S.W.3d at 24. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 3, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JANUARY 3, 2018

NO. 12-17-00141-CR

**JUAN MENDEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 16CR-153)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*