

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0470-16

### GREGORY LEE BAIZA, Appellant

### v.

### THE STATE OF TEXAS

### DISSENT TO REFUSAL OF
### STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### MIDLAND COUNTY

**KELLER, P.J., filed a dissenting opinion in which NEWELL, J. joined.**

Article 38.22 requires that certain warnings be conveyed to a suspect before any statement he makes as a result of custodial interrogation is admissible in court.[1] One of those warnings is that he "has the right to terminate the interview at any time."[2] That warning was read to the appellant in this case, but it was read very quickly. The court of appeals held that the trial court erred to admit

---

[1] *See* TEX. CODE CRIM. PROC. art. 38.22, § 2(a).

[2] *Id.* § 2(a)(5).

appellant's statement because the speed at which the warning was read made it unintelligible.[3]  I would grant the State's petition seeking review of this determination.

The audio recording reflects that "the right to terminate" warning was read to appellant.  The recording also shows that, after the 38.22 warnings were read, the officer explained that he talked "kind of fast" and asked if appellant understood.  The officer testified that appellant nodded his head and that the officer then asked appellant if that was a yes and appellant said "yes."  Except for the head nodding, which obviously would not be reflected in an audio-only recording, the audio recording corroborates this testimony.

Based on its review of the recording, the court of appeals concluded that the "right to terminate" warning was unintelligible at the speed it was read.[4]  Although it recognized the evidence as conflicting (because the officer testified that appellant indicated that he understood the warnings), the court of appeals determined that "the audio recording is conclusive evidence that the 'right to terminate' warning was not given."[5]

The State's ground for review asks: "What is the proper standard of review for an appellate court of the trial court's findings of historical facts when there is a dispute regarding the contents of an audio recording?"  The State contends that the court of appeals "substituted its own findings of fact and usurped the trial court's role as the finder of facts in its determination the audio recording was unintelligible as to the warning on the right to terminate."

I would grant review because the court of appeals's analysis rests on questionable

---

[3] *Baiza v. State*, 487 S.W.3d 338, 343-46 (Tex. App.–Eastland 2016).

[4] *Id.* at 344, 345.

[5] *Id.* at 344, 345-46.

assumptions. The court of appeals assumes that it is possible for an appellate court to determine that a portion of an audio recording is unambiguously unintelligible. I am not certain that such a thing is possible, but even if it were, there are factors that complicate any such review. For one thing, the process of recording may degrade the quality of the sound when compared to how it was heard live. And a person speaking may be too close to or too far away from a microphone, the recording may contain background noise that affects the intelligibility of the words, or the recording device may imperfectly duplicate the sounds. These defects or distortions may not matter in most instances, but in borderline cases, they may make all the difference. Also, a person's ability to understand speech is often aided at least somewhat by seeing the speaker's lips move. A recording that is audio only, like the one here, does not afford this aid to the appellate court. It is also possible that a person may be able to understand an otherwise unintelligible warning because he has heard it before.[6] These various factors that complicate an inquiry into whether an audio recording was clear enough to be understood buttress the rationale for our rule that we should apply a deferential review to a trial court's determination of historical facts, even when the evidence on which that determination is based includes an electronic recording.[7]

I have listened to the audio recording a number of times. It reflects a pause before the "right

---

[6] The record shows that appellant had a prior felony conviction in federal court.

[7] *See State v. Duran*, 396 S.W.3d 563, 570-71 (Tex. Crim. App. 2013) ("Appellate courts afford almost total deference to the trial judge's determination of facts (if those facts are supported by the record) when they review a suppression ruling. That same deferential standard of review 'applies to a trial court's determination of historical facts [even] when that determination is based on a videotape recording admitted into evidence at a suppression hearing.' Although appellate courts may review de novo 'indisputable visual evidence' contained in a videotape, the appellate court must defer to the trial judge's factual finding on whether a witness actually saw what was depicted on a videotape or heard what was said during a recorded conversation.").

to terminate" warning is read, and it shows that the warning was read very quickly. The warning is difficult to make out on the recording, but at least some sense of the wording is conveyed—enough for someone who knows what to look for to recognize it and possibly enough for someone who heard it live, and had the benefit of watching the speaker's lips, to understand it. Appellant acknowledged that he understood the warnings, and said "yes" when the officer double-checked on what appellant's nod meant. The officer could have, and presumably would have, read the warnings again more slowly if appellant had not said that he understood them. If the trial court had ruled that the warning was unintelligible, I would not be inclined to disturb that ruling, but the trial court ruled in favor of the State, and it does seem like the court of appeals has failed to appropriately defer to that ruling.

I respectfully dissent.

Filed: September 14, 2016
Publish