

# NUMBER 13-21-00282-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**FIDENCIO CASTILLO COSME,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 370th District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Justice Benavides**

Appellant Fidencio Castillo Cosme appeals his conviction for murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02(c). A jury sentenced Cosme to eighty-five years' imprisonment. *See id.* § 12.32(a). By one issue with multiple subparts, Cosme contends that the trial court erred by admitting his custodial statement when he was not adequately warned of his rights. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, §§ 2(a), 3(a);

*Miranda v. Arizona*, 384 U.S. 436 (1966). We affirm.

## I. BACKGROUND

The parties are familiar with the underlying facts, so we detail only those facts necessary to resolve the issue raised on appeal. On September 28, 2020, Detective Danny Longoria of the Mercedes Police Department interviewed Cosme.[1] A video recording was made of the interview. Detective Longoria began the interview by admonishing Cosme as follows:[2]

Detective Longoria: Mr. Cosme, you have the right to remain silent, anything you say can and will be used against you in a court of law. You have the right to talk to a lawyer and have him present with you while you are being questioned. If you cannot afford to hire a lawyer, one will be appointed to you and represent you for—represent you before any questioning if you wish. You can decide at any time to exercise these rights and not answer any of my questions or make any statements. Do you understand each of the rights that I've explained to you?

Cosme: Yes, sir.

Detective Longoria: With these in mind, do you wish to talk to me?

Cosme: Yes, sir.

Cosme proceeded to answer questions about the offense for which a grand jury later indicted him.

On July 14, 2021, the trial court heard testimony from Detective Longoria and

---

[1] Detective Longoria is identified at various points in the record as "Detective Longoria," "Investigator Longoria," and "Officer Longoria." For the sake of this appeal, we refer to him by the title he identified himself with during the hearing on the admissibility of Cosme's recorded statement.

[2] We transcribe portions of the recording as necessary to resolve the issue before us.

2

argument from the parties in connection with the admissibility of the recorded statement. Cosme's trial counsel argued that he "was not properly Mirandized" before he gave his statement, and thus, he did not provide a valid waiver of his rights.

The trial court found "substantial compliance" with the requirements of *Miranda* and article 38.22 of the Texas Code of Criminal Procedure. The statement was later admitted into evidence and published for the jury. Following a trial on the merits that ultimately resulted in Cosme's conviction and sentencing, this appeal began.

## II. ADMISSIBILITY OF RECORDED STATEMENT

By one issue, Cosme contends that the trial court erred by admitting the recorded statement because "the [article 38.22, § 2(a)] warnings were rushed, there was no signed waiver by . . . Cosme, and the investigator never obtained a signed written statement or declaration from . . . Cosme."

### A. Standard of Review & Applicable Law

"The Fifth Amendment prohibits the government from compelling a criminal suspect to bear witness against himself." *Pecina v. State*, 361 S.W.3d 68, 74–75 (Tex. Crim. App. 2012) (citing U.S. CONST. amend. V). Texas statutory law provides further support for the right against self-incrimination, forbidding the admission of an accused's statement made as a result of custodial interrogation unless additional requirements have been met. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22. The warnings provided must inform a defendant of the following:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at trial;

(2) any statement he makes may be used as evidence against him in

3

court;

(3)     he has the right to have a lawyer present to advise him prior to and during any questioning;

(4)     if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5)     he has the right to terminate the interview at any time.

*Id.* § 2(a).

For recorded oral statements made as a result of custodial interrogation, the legislature has mandated strict compliance with article 38.22. TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(e); *Woods v. State*, 152 S.W.3d 105, 116 (Tex. Crim. App. 2004); *State v. Fernandez*, 567 S.W.3d 346, 354 (Tex. App.—Amarillo 2019, no pet.). To ensure strict compliance, law enforcement should either give the warnings required by article 38.22, § 2(a) verbatim or their "fully effective equivalent." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(e)(2); *Bible v. State*, 162 S.W.3d 234, 240 (Tex. Crim. App. 2005). A "fully effective equivalent" is one that does not dilute the meaning or import of the warnings required by article 38.22, § 2(a). *Bible*, 162 S.W.3d at 240–41.

In addition to being warned of their rights, defendants must also waive those same rights. *State v. Lujan*, 634 S.W.3d 862, 865 (Tex. Crim. App. 2021). "Only 'warned and waived' custodial statements are admissible in evidence." *Id.* (quoting *Oursbourn v. State*, 259 S.W.3d 159, 171 (Tex. Crim. App. 2008)). Generally, neither a written nor an oral express waiver is required to waive these rights. *Joseph v. State*, 309 S.W.3d 20, 24 (Tex. Crim. App. 2010). "The question is not whether Appellant 'explicitly' waived his . . . rights, but whether he did so knowingly, intelligently, and voluntarily." *Id.* at 25.

4

In reviewing a trial court's ruling on the admissibility of a statement made as a result of custodial interrogation, "we apply a bifurcated standard of review." *Hawkins v. State*, 592 S.W.3d 602, 609 (Tex. App.—Corpus Christi–Edinburg 2020, pet. ref'd). "We afford almost total deference to the trial court's rulings on questions of historical fact and on application of law to fact questions that turn upon credibility and demeanor," while "we review de novo the trial court's rulings on application of law to fact questions that do not turn upon credibility and demeanor." *Pecina*, 361 S.W.3d at 79. "We will sustain the trial court's decision if it is correct on any theory of law applicable to the case." *Barnes v. State*, 665 S.W.3d 192, 197 (Tex. App.—Eastland 2023, no pet.).

**B.    Analysis**

Cosme does not argue that the fully effective equivalent of the warnings required by article 38.22, § 2(a) was not given; instead, he argues that "the [article 38.22, § 2(a)] warnings were rushed, there was no signed waiver by . . . Cosme, and the investigator never obtained a signed written statement or declaration from . . . Cosme."[3]

In *Baiza v. State*, the Eastland court of appeals noted that the detective "read the [article 38.22, § 2(a)] warnings very quickly, to the point that the later warnings are unintelligible at normal speed, particularly the warning that Appellant had the right to

---

[3] We note that the court of criminal appeals has held that a warning that fails to advise a defendant that he has a right to terminate the interview at any time does not strictly comply with the mandate of article 38.22. *Woods v. State*, 152 S.W.3d 105, 116–18 (Tex. Crim. App. 2004). Similarly, our sister court has held that advising a defendant that he has the right to not answer questions is not the same as advising him that he has the right to terminate the interview at any time. *See State v. Fernandez*, 567 S.W.3d 346, 355 (Tex. App.—Amarillo 2019, no pet.) ("To the extent that the State proposes that telling Fernandez 'he could invoke his right to remain silent and not speak with the officers' was equivalent to telling him he could end the interview, it leaves us wondering why the legislature added the admonishment."). However, Cosme did not brief this issue. We decline to address any potential unassigned error. *See Leza v. State*, 351 S.W.3d 344, 351–52 (Tex. Crim. App. 2011) ("The functional equivalent of this warning was administered to the appellant, and he does not now contend otherwise." (footnote omitted)).

terminate the interview at any time." 487 S.W.3d 338, 343 (Tex. App.—Eastland 2016, pet. ref'd). The court ultimately concluded that "the trial court improperly overruled Appellant's objection to the admission of the audio recording," harm occurred, and reversal was appropriate. *Id.* at 346–47. In Presiding Judge Keller's opinion dissenting from the refusal of the State's petition for review, she noted, "If the trial court had ruled that the warning was unintelligible, I would not be inclined to disturb that ruling, but the trial court ruled in favor of the State, and it does seem like the court of appeals has failed to appropriately defer to that ruling." *Baiza v. State*, 502 S.W.3d 801, 803 (Tex. Crim. App. 2016) (Keller, P.J., dissenting from refusal of the petition for review).

Here, Cosme blanketly asserts that, because of the speed at which they were given, the warnings were "not fully understood by" him. However, we must defer to the trial court's implied finding that the warnings were not stated unintelligibly. *See id.*; *Pecina*, 361 S.W.3d at 79. This is not a close call. As we have illustrated by transcribing the warnings above, Detective Longoria's warnings, though quickly recited, were not unintelligible. "The trial judge reviewed the recording of the interrogation and could measure the officer's perceptions with respect to the voluntariness of the appellant's waiver for himself." *Leza v. State*, 351 S.W.3d 344, 352 (Tex. Crim. App. 2011). We therefore conclude that the trial court did not err by implicitly finding that the warnings were conveyed at an adequate speed and did not affect whether Cosme knowingly, intelligently, or voluntarily waived his rights. *See Pecina*, 361 S.W.3d at 79. We overrule this sub-issue.

Cosme also argues that the trial court erred by admitting the recorded statement because he did not sign a written waiver that included the article 38.22, § 2(a) admonishments, and he did not sign a written declaration. Cosme "never presented th[ese] particular argument[s] in the trial court for a ruling, however, and so he has not preserved [them] for appeal." *See Leza*, 351 S.W.3d at 353; Tex. R. App. P. 33.1(a)(1). In any event, Cosme's "objection to the absence of a written or articulated waiver runs contrary to 'the general rule . . . that neither a written nor an oral express waiver is required.'" *See Joseph v. State*, 309 S.W.3d 20, 24 (Tex. Crim. App. 2010) (quoting *Watson v. State*, 762 S.W.2d 591, 601 (Tex. Crim. App. 1988)) (alteration in original). We overrule these sub-issues.

We overrule Cosme's sole issue on appeal.[4]

### III. CONCLUSION

We affirm the trial court's judgment.

GINA M. BENAVIDES
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed on the
10th day of August, 2023.

---

[4] Because the trial court did not err in implicitly finding that Cosme knowingly, intelligently, and voluntarily waived the rights set forth in article 38.22, § 2(a), we need not address Cosme's contention that the statements contained in the recording were not adequately corroborated. *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 3(c) (providing that article 38.22, § 3(a) "shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused . . . ."); Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

7